UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLTON L DRAPER, et al.,

Plaintiffs,

v.

FCA US LLC,

Defendant.

Case No. 25-cv-00107-RS

**ORDER RE MOTION TO REMAND**

I. INTRODUCTION

Plaintiffs Carlton L. Draper and Debra Draper allege they entered into a warranty contract with defendant FCA regarding a 2018 Ram 2500 vehicle they had purchased. The Drapers contend the vehicle "contained or developed defects and nonconformities to warranty, which substantially impair [its] use, value, or safety" and that "FCA and its representatives have failed to service or repair the Vehicle to conform to the applicable express and implied warranties."

The Drapers filed this suit in Sonoma County Superior Court, advancing various claims under state law. FCA removed, asserting jurisdiction based on diversity. The Drapers move to remand, contending defendants have not met their burden to establish the requisite amount is in controversy.[1] The motion will be granted.

---

[1] The Drapers' briefing includes a reference to remand to Orange County and in one instance states the argument is supported by decisions from numerous courts in California "*including the*

United States District Court
Northern District of California

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Moreover, the party seeking to establish federal jurisdiction must meet this burden "by a preponderance of the evidence." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (emphasis omitted)). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, at 566.

## III. DISCUSSION

The complaint alleges the Drapers "suffered damages in a sum to be proven at trial in an amount that is not less than $35,001.00." Complaint, para. 21. Presumably this allegation was intended to establish the matter as an "unlimited civil case" under the rules of the state court. While the allegation is consistent with an amount in controversy of at least $75,000, standing alone it does not establish jurisdiction exists here. FCA therefore relies on the following assumptions:

    1. The Drapers' "actual damages" are $30,046.58, which represents the total

*Central District*." (Emphasis in original).

amount paid for the vehicle, with deductions for optional service contracts, a manufacturer's rebate, and a "reasonable allowance for use."

2.  Because the Drapers seek civil penalties in an amount twice their actual damages, that amount should be calculated as an additional $60,093.16.

3. The Drapers seek attorney fees, which "commonly exceed $25,000" in cases like this.

Thus, in FCAs' view, the amount in controversy easily exceeds the $75,000 jurisdictional minimum.

The flaw in FCA's analysis is that it has not established with any degree of certainty the amount of actual damages in controversy. Relying merely on the purchase price of the vehicle is insufficient, notwithstanding the inclusion of an estimated  mileage offset *See* Cal. Civ. Code § 1793.2(d)(2)(C). FCA is effectively treating the complaint's allegation of damages in excess of $35,001 as if that were the actual damages, which could then be doubled to arrive at statutory penalties.

Such a reading of similar damages allegations has routinely been rejected. *See*, *e.g.*, *Feichtmann v. FCA US LLC*, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020)("Moreover, in the Motion For Remand, Plaintiff clarifies that the 'damages' allegation in the Complaint refers collectively to actual damages and civil penalties."); *Steeg v. Ford Motor Company*, 2020 WL 2121508, at *3 (N.D. Cal. May 5, 2020) (same); *Vallejo v. General Motors*, LLC, 2020 WL 1164949, at *3 (C.D. Cal. Mar. 11, 2020) ("the Court construes paragraph 12 of Plaintiffs' Complaint to encompass all of their requested recovery, not just the actual damages that they seek. Accordingly, that allegation does not demonstrate that more than $75,000 is in controversy, even when coupled with Plaintiffs' request for a civil penalty").

Furthermore, even if FCA had established the amount of actual damages in controversy with more certainty, its assumption that double that amount in civil penalties should automatically be included is not tenable. *See Makol v. Jaguar Land Rover North America, LLC*, 2018 WL 3194424, at *3 (N.D. Cal., June 28, 2018) ("[T]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed . . . . [I]nstead of simply assuming a penalty will be awarded,

the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." (citations omitted)). FCA's broad assertion as to potential attorney fees does not tip the balance.

As the Drapers appear to understand, FCA is not to be faulted for not making a more robust showing in the notice of removal that the jurisdictional minimum was satisfied. When first filing a notice of removal, a defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, (2014) (citing 18 U.S.C. § 1446(a)). That said, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) . . . when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. Because FCA did not meet that burden here, the motion to remand must be granted.

### IV.  CONCLUSION

This action is hereby remanded to Sonoma Superior Court.

**IT IS SO ORDERED**.

Dated: March 31, 2026

_____

RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California